IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| W.K.G., Jr., minor child, b/n/f § | | |
| ARNETTE GUY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | C.A. NO. C-09-65 | |
| § | | |
| NUECES COUNTY JUVENILE § | | |
| DETENTION DEPARTMENT, ET AL., § | | |
| Defendants. § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY
WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pending is plaintiff's application for a temporary restraining order and preliminary injunction (D.E. 13). For the reasons discussed herein, it is respectfully recommended that the motion be denied without prejudice.

**I.   Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.   Background and Plaintiff's Allegations.**

Plaintiff is a minor child currently incarcerated at the Nueces County Juvenile Detention Center. His mother, Arnette Guy, brings this action as his next friend. A hearing on plaintiff's application for leave to proceed *in forma pauperis* was held April 30, 2009. Plaintiff and his mother and father attended the hearing. The request to proceed *in forma pauperis* was approved.

A discussion was held regarding the nature of plaintiff's claims. In September 2008, plaintiff was arrested near a CVS Pharmacy after a customer complained of being assaulted and robbed in the parking lot. A store employee pointed out to police that plaintiff and his companion, who were walking away from the store, had committed the robbery. A chase ensued. When he was arrested a short time later, plaintiff alleges that two CCPD officers slammed him against the floor and against the patrol car after he was handcuffed and restrained, causing serious injuries. Plaintiff alleges that the arrest was without probable cause that the arresting officers used excessive force against him.

Plaintiff, a minor child, was placed in the Nueces County Juvenile Detention Center (NCJDC), where he alleges he was denied treatment for the injuries resulting from the excessive force. Some time before Christmas, plaintiff was released from the detention center, and all charges related to the incident were eventually dismissed.

On March 10, 2009 plaintiff was arrested on another assault charge, and he remains incarcerated at the NCJCD. Although not mentioned in the complaint or in the motion for a temporary restraining order, plaintiff's mother complained at the April 30 hearing that her son was being denied nourishment and meals by officials at the NCJCD. If plaintiff refuses a meal tray contaminated with hair or insects, the meal service staff has refused to bring him another tray. According to plaintiff's mother, plaintiff lost ten pounds between March 10 and April 30, 2009.

At the hearing held on April 30, 2009, the next day during a conference call, and in a written order (D.E. 9), Ms. Guy was directed to file an amended complaint referring to the

minor child only by his initials and adding the specific allegations regarding the denial of meals by the NCJCD staff. If she did not know the names of the detention officers, Mrs. Guy was instructed that she could refer to the officers as John or Jane Doe along with a physical description. Mrs. Guy was also ordered to re-file the motion for a temporary restraining order referring to the minor child only by his initials (D.E. 9). Although the amended complaint and the application for a temporary restraining order were re-filed on May 5, 2009 (D.E. 12, 13), neither document mentions the denial of meals by detention officers.

**III.   Discussion**.

Plaintiff has requested a preliminary injunction against Homer Flores, Jay Raveling, their successors in office, agents and employees and all other persons acting in concert with them (D.E. 13).

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff has failed to demonstrate he is entitled to a preliminary injunction. First of all, it appears plaintiff has abandoned any claim for injunctive relief that he is being denied meals. In his TRO motion plaintiff requests injunctive relief against Homer Flores and Jay Raveling. Plaintiff has never explained who Homer Flores is or why injunctive relief is sought against him. In fact Homer Flores is not mentioned as a defendant anywhere in the plaintiff's amended complaint, nor does the TRO application state what Homer Flores has done to injure plaintiff. As to Jay Raveling, the complaint alleges that defendant Raveling disregarded the health and well being of the plaintiff, that his policies shock the conscience of civilized persons (D.E. 12 at 10), and that, referring to the injuries sustained in the excessive force, plaintiff is in need of "specialized medical treatment and care to monitor his symptoms and alleviate the discomfort he was experiencing due to bruised shoulder, ribs, and back area of the spine and knees as well" (D.E. 12 at 11). But at the April 30th hearing plaintiff testified that his injuries from the excessive force had healed, and plaintiff's mother stated that the only injunctive relief plaintiff was seeking related to the denial of meals to the plaintiff.

Because plaintiff failed to mention the denial of food in the amended complaint or in the amended TRO application, it appears plaintiff is no longer being denied meals and that he has abandoned this claim and the companion request for injunctive relief. If plaintiff did not intend to abandon this claim, he can re-urge his request for a TRO at any time if he amends his complaint and files a motion for a TRO detailing harm to plaintiff, the individuals responsible, and the relief requested.

Moreover, an examination of the TRO request does not reveal exactly what type of injunctive relief is sought. The TRO request appears to be focusing on the denial of assistance to plaintiff of a jailhouse lawyer. Plaintiff has not brought a claim of denial of access to courts. Even if he had, he has not shown he is entitled to injunctive relief.

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

The TRO request fails to document any injury or harm to plaintiff, and makes no showing of irreparable injury. Plaintiff has failed to demonstrate a likelihood of success on the merits and has failed to articulate any irreparable harm. Plaintiff's application should be denied.

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that the Court deny without prejudice plaintiff's application for a temporary restraining order and preliminary injunction (D.E. 13).

Respectfully submitted this 2nd day of June, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).