IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| W.K.G., Jr., minor child, b/n/f § | | |
| ARNETTE GUY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | C.A. NO. C-09-65 | |
| § | | |
| NUECES COUNTY JUVENILE § | | |
| DETENTION DEPARTMENT, ET AL., § | | |
| Defendants. § | | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS
WITHOUT PREJUDICE FOR WANT OF PROSECUTION**

In this case plaintiff failed to appear for an evidentiary hearing, and failed to timely respond to an order to show cause. For the reasons discussed herein, it is respectfully recommended that this lawsuit be dismissed without prejudice.

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action filed pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1331.

**II.    Background and Plaintiff's Allegations.**

Plaintiff is a minor child who was incarcerated at the Nueces County Juvenile Detention Center. His mother, Arnette Guy, brings this action as his next friend. In September 2008, plaintiff was arrested near a CVS Pharmacy after a customer complained of being assaulted and robbed in the parking lot. A store employee pointed out to police that plaintiff and his companion, who were walking away from the store, had committed the robbery. A chase ensued. When he was arrested a short time later, plaintiff alleges that two

CCPD officers slammed him against the floor and against the patrol car after he was handcuffed and restrained, causing serious injuries. Plaintiff alleges that the arrest was without probable cause that the arresting officers used excessive force against him.

Plaintiff, a minor child, was placed in the Nueces County Juvenile Detention Center (NCJDC), where he alleges he was denied treatment for the injuries resulting from the excessive force. Some time before Christmas, plaintiff was released from the detention center, and all charges related to the incident were eventually dismissed.

On March 10, 2009 plaintiff was arrested on another assault charge, and plaintiff claims her son was being denied nourishment and meals by officials at the NCJCD.

An evidentiary hearing was scheduled for July 9, 2009 (D.E. 17). At the request of plaintiff, the hearing was continued (D.E. 25). The hearing was rescheduled for July 30, 2009 (D.E. 27). Plaintiff failed to appear. A show cause order was issued giving plaintiff ten days to show cause why the lawsuit should not be dismissed for failure to prosecute (D.E. 29). No response was filed to the show cause order.

## III. DISCUSSION

**A.    Rule 41(b).**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal: Effect Thereof.**   For failure of plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a

>    party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Thus, Rule 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v Lynaugh, 835F.2d 1126, 1127 (5th Cir. 1988). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., 765 F.2d 399, 401 (5th Cir. 1985).

Here, plaintiff was advised of the hearing date and failed to appear. She failed to respond to the show cause order. It appears plaintiff has abandoned any interest in prosecuting this lawsuit. The Court is not required to delay disposition in this case until such time as plaintiff decides to show an interest in the case. Thus, it is respectfully recommended that plaintiff's action be dismissed.

In general, a Rule 41(b) dismissal is considered an adjudication on the merits. See Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified; Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution). But there is no basis for dismissing plaintiff's claims with prejudice at this juncture. See Callip, 757 F.2d at 1519. Thus, it is respectfully recommended that this action be dismissed without prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

## IV.     **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that the Court dismiss this lawsuit without prejudice for failure to prosecute.

Respectfully submitted this 18th day of August, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).